E-FILED
Tuesday, 06 January, 2015  05:07:51 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| MARY BARNHILL, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PLA-FIT FRANCHISE, LLC, and MBM FITNESS MANAGEMENT LLC,<br><br>Defendants. | Case No. 4:14-cv-04105-SLD-JEH |

ORDER

On December 26, 2014, Defendant PLA-FIT Franchise, LLC ("PLA-FIT") filed a Notice of Removal, ECF No. 1, with this Court. For the following reasons, the Court ORDERS Defendant to file an amended notice of removal. Defendant PLA-FIT's Motion for Extension of Time to File Answer, ECF No. 2, is FOUND MOOT, and the Court's Text Order of January 5, 2015 granting that Motion for Extension of Time STRICKEN.

**DISCUSSION**

**I.      Legal Standard**

A defendant seeking removal to a federal district court has the burden of establishing subject matter jurisdiction, just as he would have had he filed a complaint in federal court. 28 U.S.C. § 1441; *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Removal is proper when jurisdictional requirements are satisfied and the removal is timely. *Boyd v. Phoenix Funding Corp.*, 366 F.3d 524, 529 (7th Cir. 2004). If there is doubt concerning the jurisdictional basis for removal, that doubt must be resolved in favor of remand to the state court. *See Alsup v. 3-Day Blinds, Inc.*, 435 F. Supp. 2d 838, 841 (S.D. Ill. 2006).

1

28 U.S.C. § 1332(a)(1) states that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." Accordingly, the two requirements of diversity jurisdiction are: (1) diversity of citizenship, and (2) that the amount in controversy exceeds $75,000.

The party seeking to invoke federal jurisdiction "bears the burden of demonstrating that the requirements for diversity are met." *Smart v. Local 702 Intern. Broth. of Elec. Workers*, 562 F.3d 798, 802-03 (7th Cir. 2009). At the same time, in any case premised on diversity jurisdiction, this Court must "independently determine whether the parties meet the diversity and amount in controversy requirements of 28 U.S.C. § 1332." *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 533 (7th Cir. 2007). In other words, the party invoking federal jurisdiction bears the burden of proof, but the Court must independently analyze jurisdiction even if it is not challenged.

In order to satisfy the diversity of citizenship requirement, "complete diversity" must be established—no plaintiff and defendant can be a citizen of the same state. *McCready v. eBay, Inc.*, 453 F.3d 882, 891 (7th Cir. 2006). A "naked declaration that there is diversity of citizenship is never sufficient." *Thomas*, 487 F.3d at 533. Rather, the citizenship of each party to the litigation must be identified. *Id.* For diversity jurisdiction purposes, an individual is a citizen of the state in which that individual is domiciled, *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012); *America's Best Inns v. Best Inns of Abilene*, 980 F. 2d 1072, 1074 (7th Cir. 1992) (per curiam), and the citizenship of a limited liability corporation ("LLC") is the citizenship of each of its members, *Thomas*, 487 F.3d at 534.

## II. Analysis

PLA-FIT urges the Court to exercise diversity jurisdiction because "complete diversity exists," Not. of Removal ¶ 10, between Plaintiff Barnhill, a resident of Illinois, and itself, an LLC, "none of [whose] members is a citizen of Illinois." *Id.* ¶ 8. However, PLA-FIT insufficiently alleges diversity of citizenship both as to Barnhill and itself.

### A. Barnhill's Citizenship

The Notice of Removal does not provide enough information for the Court to determine Barnhill's citizenship. "In federal law citizenship means domicile, not residence." *America's Best*, 980 F.2d at 1074 (citing *Gilbert v. David*, 235 U.S. 561 (1915)). Here, the Notice of Removal alleges only that Plaintiff is "a member of the Planet Fitness Gym in Moline, Illinois," used the gym "almost daily," and is "a resident of Illinois," Not. of Removal ¶ 7, as does the Complaint Barnhill filed in state court, Not. of Removal, Ex. 1, ¶¶ 8, 43, 44; ECF No. 1-1. Defendant has therefore failed to establish Barnhill's citizenship for purposes of diversity jurisdiction. *Heinen.*, 671 F.3d at 670 ("But residence may or may not demonstrate citizenship, which depends on domicile—that is to say, the state in which a person intends to live over the long run. An allegation of 'residence' is therefore deficient.").

### B. PLA-FIT's Citizenship

PLA-FIT alleges that MBM Fitness, while named in Barnhill's complaint, is a misnamed defendant with no connection to the Planet Fitness facility described in Barnhill's original Complaint. Not. of Removal ¶ 9; *see* Not. of Removal, Ex. 1, ¶ 2. Granting the truth of this assertion, PLA-FIT need only show its own citizenship for diversity purposes.[1]

---

[1] Generally, all parties named as defendants must join in a petition for removal within the thirty-day time limit prescribed by 28 U.S.C. 1446(b). *Eltman v. Pioneer Commc'ns of Am., Inc.*, 151 F.R.D. 311, 314 (N.D. Ill. 1993). A petition for removal signed by less than all of the defendants is thus defective unless it explains the absence of the other defendants. *N. Illinois Gas Co. v. Airco Indus. Gases, A Div. Of Airco, Inc.*, 676 F.2d 270, 273 (7th Cir.

PLA-FIT, however, fails to do so. It alleges only that it is "a limited liability entity organized and existing under the laws of the state of New Hampshire," and that "[n]one of its members is a citizen of Illinois." Not. of Removal ¶ 8.[2] A naked declaration that there is diversity of citizenship is "never sufficient." *Thomas*, 487 F.3d at 533; see *America's Best*, 980 F. 2d at 1074 (dismissing for lack of subject matter jurisdiction where litigant alleged "no partner is a citizen of Illinois" but did not identify the citizenship of each partner). As in *America's Best Inns*, PLA-FIT does not identify its citizenship, and offers only a naked declaration of diversity.

The Seventh Circuit insists upon "scrupulous adherence to the limitations on the subject-matter jurisdiction of the federal courts." *Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 616-17 (7th Cir. 2002) (per curiam). And when a party's citizenship depends on the citizenship of its members, then every member's citizenship must be identified and traced through, no matter how many members or layers there may be. *Id*. at 617. Specifically, when one of the parties is an LLC, "[a] federal court… needs to know each member's citizenship, and if necessary each member's members' citizenships." *Hicklin Engineering, L.C. v. Bartell*, 439 F.3d 346, 347–48 (7th Cir. 2006). In short, the citizenship of each party must be identified. *Thomas*, 487 F.3d at 533. As it stands, PLA-FIT's complete citizenship status is unknown.

## CONCLUSION

Defendant's Notice of Removal does not provide sufficient factual allegations to establish that complete diversity of citizenship exists between the parties. The Court therefore

---

1982). Absence may be explained, for instance, by a party's being merely nominal, or not having been served at all. *P. P. Farmers' Elevator Co. v. Farmers Elevator Mut. Ins. Co.*, 395 F.2d 546, 548 (7th Cir. 1968). In this case, the Court is satisfied by PLA-FIT's explanation that MBM Fitness was mistakenly named, although Barnhill is of course free to dispute this explanation by appropriate motion, should it prove that the Court properly has jurisdiction over this matter.

[2] Puzzlingly, despite having identified itself as an LLC and stated that none of its members are citizens of Illinois, PLA-FIT concludes that because it is "organized and existing under the laws of the state of New Hampshire," and none of its members is a citizen of Illinois, it is a citizen of New Hampshire for diversity purposes. Not. of Removal ¶ 8. Perhaps, but not *only* a citizen of New Hampshire unless all of its members are citizens of New Hampshire—precisely the point upon which the Court seeks clarification. *See Thomas,* 487 F.3d at 534.

ORDERS Defendant to file an amended notice of removal with factual allegations, assuming they exist, that address the inadequacies described above no later than January 20, 2015. Defendant PLA-FIT's Motion for Extension of Time to File Answer, granted before the Court became aware of the jurisdictional defects in the Notice of Removal, is FOUND MOOT, and the Court's Text Order of January 5, 2015 granting the Motion for Extension of Time, STRICKEN. If, after considering Defendant's amended notice of removal, the Court determines that it has subject matter jurisdiction over the present matter, the Court will set a preliminary briefing schedule establishing deadlines for any responsive pleadings.

      Entered this 6th day of January 2015.

                                                    s/ Sara Darrow
                                                  SARA DARROW
                                      UNITED STATES DISTRICT JUDGE